## Norfolk

### U.S. GYPSUM COMPANY

v.

### LARRY SEARLES

No. 0431-89-1

Decided February 27, 1990

COUNSEL

George J. Dancigers and Michelle ReDavid Rack (Heilig, McKenry, Fraim & Lollar, on brief), for appellant.

Melvin J. Radin, for appellee.

OPINION

**KOONTZ, C.J.**—In this appeal, U.S. Gypsum Company (employer) argues that the evidence was insufficient to establish an injury by accident. The employer also argues that the full commission erred by reversing the deputy commissioner's finding that no credible evidence supported a finding that an injury by accident occurred without first remanding the claim for the taking of the employer's evidence. We find that the commission erred by reversing the deputy commissioner's finding without first remanding the claim to the hearing docket, and therefore, reverse the decision of the commission.

At the hearing before the deputy commissioner, Larry Searles, claimant, testified that he sustained an injury by accident to his left leg in the course of his employment with U.S. Gypsum. At the time of the alleged injury, Searles was operating a fork-lift truck to remove slabs of sheetrock from a cull hoist, which is a raised platform that lowers as weight is placed on it. Once full, the sheetrock boards are removed with a fork-lift, and the cull hoist returns to its original elevated position.

Searles testified that he had just removed a load of sheetrock from the cull hoist onto the fork-lift and backed up three feet, when he noticed that the cull hoist was jammed. Searles stated that he lowered the forks to the ground, turned the engine off and put the brake on. The loaded fork-lift was stationed on a flat, level surface. Searles thought he had unjammed the cull hoist and started to return to the fork-lift, when he realized that the hoist was still jammed. Searles again returned and released the cull hoist. Searles testified that when he turned around to return to the fork-lift, it was rolling toward him. Searles stated that he did not have time to move, and the fork-lift truck allegedly pinned him against the cull hoist, causing injury to the calf area of his left leg.

Timothy Nixon, a co-worker, testified on Searles' behalf and stated that when he responded to Searles' call for help, Searles appeared to be pinned between the two pieces of equipment. Nixon did not check to see if Searles was actually pinned. Nixon further testified that he mounted the fork-lift truck, put the brake on, which is required for the engine to start, started the engine, raised the forks, although they were not flush to the ground, and backed up. Nixon stated Searles did not complain of increased

pain when Nixon lifted the forks. Although Searles testified that he fell to the ground once Nixon backed the truck, Nixon stated that Searles did not fall and only reached down to his leg.

At the conclusion of the claimant's evidence, the employer made a motion to strike the evidence. After purportedly resolving all conflicts in the evidence in Searles' favor, the deputy commissioner found that the claimant failed to prove that an injury by accident arising out of and in the course of his employment occurred and granted the employer's motion to strike. Specifically, the deputy commissioner found that while Searles sustained an injury to his left leg, the fork-lift could not have rolled forward while fully loaded, with the motor off, while positioned on a flat surface, even if the brake was left off as Nixon testified. The full commission reversed after finding that Searles had produced evidence sufficient to establish a prima facie case of injury by accident arising out of and in the course of the employment. The commission then entered an award on Searles' behalf without receiving any evidence from the employer or remanding the claim for the taking of the employer's evidence. The commission found it unnecessary to remand the claim for the taking of additional evidence since "[t]he employer did not request or pursue its opportunity to go forward with additional evidence at the time of hearing, nor is there a request for or basis for remand of this case to the hearing docket."

■ Rule 1(A) of the Rules of the Industrial Commission states that "[t]he Commission is not bound by statutory or common law rules of pleading or evidence, nor by technical rules of practice, but will conduct such hearings . . . in such manner as . . . to ascertain and determine expeditiously and accurately the substantial rights of the parties . . . ." *See also Sergio's Pizza v. Soncini*, 1 Va. App. 370, 376, 339 S.E.2d 204, 207 (1986).

While the commission is not bound by rigid rules of practice and procedure, we find that in this case the commission failed to conduct the hearing in such a manner as to protect the rights of the employer. The deputy commissioner granted the employer's motion to strike. Therefore, it was unnecessary for the employer to go forward with additional evidence since the commissioner had already found, based on the employee's own evidence, that he did not sustain a compensable injury. We further find that the employer, as the prevailing party below, did not have the burden of

requesting that the claim be remanded to the hearing docket. Rather, we hold that the commission, once it found that the employee had presented sufficient evidence to establish a prima facie case of a compensable industrial injury, should have remanded the claim for the taking of the employer's evidence. To reverse as the commission did without remanding the claim to the hearing docket worked an injustice on the employer because it denied the employer the opportunity to defend the claim. Once the deputy commissioner permitted the rule of practice embodied in a motion to strike to be inserted into the informality which generally characterizes Workers' Compensation proceedings, that informality must be sublimated to the more formal motion to strike. This is particularly true where, as here, the prevailing party on the motion to strike is ultimately denied an opportunity to present evidence on the merits of its position on the claim. We therefore hold that once the deputy commissioner granted the employer's motion to strike, the commission was bound to follow the rules of procedure pertaining to a motion to strike.

Because we reverse and remand the claim based on our finding that the commission erred by reversing the findings of the deputy commissioner without first remanding the claim to the hearing docket for the taking of the employer's evidence, we need not address the issue of the sufficiency of the evidence.

*Reversed and remanded.*

Baker, J., and Coleman, J., concurred.