COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Overton


ACE CARPENTRY, INC., ET AL.

v.   Record No. 0937-95-3                    MEMORANDUM OPINION[*]
                                             PER CURIAM
DANIEL GREER                                 OCTOBER 17, 1995


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Lisa C. Healey; Siciliano, Ellis, Dyer & Boccarosse,
            on brief), for appellants.

            (Terry L. Armentrout, on brief), for appellee.


        Ace Carpentry, Inc. and its insurer (hereinafter
collectively referred to as "employer") contend that the Workers'
Compensation Commission erred in reinstating the compensation
benefits of Daniel Greer ("claimant") as of August 3, 1994.  The
commission held that claimant proved that he was justified in
refusing selective employment offered to him by employer.
Specifically, employer argues that the commission erred in
considering employer's August 3, 1994 application together with
its September 16, 1994 application rather than requiring claimant
to file a change in condition application.  Upon reviewing the
record and the briefs of the parties, we conclude that this
appeal is without merit.  Accordingly, we summarily affirm the
commission's decision.  Rule 5A:27.
        On appeal, we view the evidence in the light most favorable
to the prevailing party below.  R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).
Factual findings made by the commission will be upheld if
supported by credible evidence.  James v. Capitol Steel Constr.
Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).
        In its August 3, 1994 application, employer alleged that
claimant unjustifiably refused light-duty work offered to him by
letters dated July 14, 1994 and July 21, 1994.  In its September
16, 1994 application, employer alleged that claimant
unjustifiably refused selective employment offered to him by
letter dated August 24, 1994.
        As of July 5, 1994, claimant was restricted from lifting
more than fifty pounds on a routine basis.  On July 22, 1994,
Dr. Geraldine K. Richter, the treating physician, released
claimant to light-duty work and restricted him from lifting over
twenty pounds.  Dr. Richter also instructed claimant to continue

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

his physical therapy. On August 22, 1994, Dr. Richter restricted claimant from lifting over twenty pounds and from riding in an automobile for more than one-half hour.

Claimant testified that during the summer of 1994, he attended two hour physical therapy sessions, three days per week. The physical therapy office closed at 4:00 p.m. and was located in Manassas, Virginia, two hours from claimant's home. Friends or family members were required to drive claimant to his physical therapy sessions. The light-duty position offered by employer was located in Alexandria, Virginia, two hours from claimant's home in Winchester. Claimant testified that he did not accept the offer because of the long drive, dizziness, and interference with his physical therapy sessions. Employer's office manager testified that the light-duty position created for claimant was a forty-hour per week job and did not require lifting over twenty pounds. Employer did not inform claimant that the job could be tailored to accommodate his physical therapy schedule.

Based upon this record, we cannot say as a matter of law that the commission erred in finding that the light-duty job offered by employer was not suitable to claimant's restrictions as of July 22, 1994 and that claimant was justified in refusing it. Claimant's testimony and the medical records support the commission's finding that claimant's need for physical therapy and the driving restriction made the job incompatible with his medical restrictions as of July 22, 1994.

In addition, it was within the commission's discretion, in the interest of judicial economy, to consider both of employer's applications together instead of requiring claimant to file a change in condition application. See Oak Hill Nursing Home, Inc. v. Back, 221 Va. 411, 418, 270 S.E.2d 723, 727 (1980) (consolidation of claims within discretion of commission). "[The commission] is not bound by statutory or common law rules of pleading or evidence nor by technical rules of practice." Rule 2.2, Rules of the Virginia Workers' Compensation Commission. The commission has statutory authority "to conduct a review for change of condition on its own motion at any time, subject to due process limitations." Sergio's Pizza v. Soncini, 1 Va. App. 370, 375, 339 S.E.2d 204, 207 (1986). See also Code § 65.2-708(A). The commission properly placed the burden of proof upon the claimant to show he was justified in refusing employer's offers. Employer was on notice that claimant's medical restrictions had changed as of July 22, 1994. Thus, employer suffered no prejudice because of the commission's action.

For these reasons, we affirm the commission's decision.
                                                    Affirmed.

2