COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Benton and Overton
Argued at Salem, Virginia


SANDRA T. JOHNSON

v.        Record No. 0124-95-3        MEMORANDUM OPINION[*] BY
                                      JUDGE NELSON T. OVERTON
CRACKER BARREL OLD COUNTRY STORE        DECEMBER 12, 1995
AND
LIBERTY MUTUAL INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Terry L. Armentrout (Roger Ritchie &
            Partners, P.L.C., on brief), for appellant.

            J. Ross Newell, III (Thomas G. Bell, Jr.;
            Timberlake, Smith, Thomas & Moses, P.C., on
            brief), for appellees.


     Sandra Johnson appeals from the commission's opinion
ordering her to choose a new treating physician.  She contends
that the commission (1) erred in ordering her to change
physicians without giving her notice and an opportunity to defend
 and (2) lacked authority to order a change of physicians on its
own motion.  We vacate the order of the commission.

     Johnson injured her back while working for Cracker Barrel.
Cracker Barrel did not supply her with a panel of physicians
within the statutorily required time period, and Johnson
independently sought the services of Dr. Pleskonko, a
chiropractor.  Two months later, Cracker Barrel requested that
Johnson choose a physician from its offered panel.  Johnson

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

refused.  Cracker Barrel filed an application for hearing raising the issue of whether Dr. Pleskonko was an authorized physician.

The deputy commissioner found that the employer had not timely offered a panel of physicians and that Johnson was entitled to receive treatment from Dr. Pleskonko.  However, the deputy commissioner ordered Johnson to select a physician from a new panel to be offered by the employer because of "concern over [Dr. Pleskonko's] type of maintenance treatment."  The commission affirmed the decision, and allowed Dr. Pleskonko's expenses up to the date of the hearing.  However, the commission also ordered the employer to offer a new panel of physicians and ordered Johnson to select one as her treating physician.

The commission does have statutory authority to order a change in physicians.  The relevant portion of the Code states:

> As long as necessary after an accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee, a physician chosen by the injured employee from a panel of at least three physicians selected by the employer and such other necessary medical attention. . . . The employee shall accept the attending physician, unless otherwise ordered by the commission, and in addition, such surgical and hospital service and supplies as may be deemed necessary by the attending physician or the commission.

Code § 65.2-603(A)(1).  We do not believe that an expansive reading of the statute is required to conclude that upon proper application and in appropriate circumstances the commission may order a claimant to change physicians.  Indeed, the commission

itself has stated that it will order a change in circumstances if (1) inadequate treatment is being rendered; (2) it appears that specialized treatment is necessary and not being provided; (3) no improvement in the health condition is being made without an adequate explanation; (4) conventional modalities of treatment are not being used; (5) no plan of treatment for long-term disability exists; or (6) a physician fails to cooperate with discovery proceedings. Powers v. J.B. Constr., 68 O.I.C. 208, 211 (1989) (construing § 65.1-88 (now § 65.2-603)).

In this case, however, the employer did not request that the commission order a change in physicians. Thus, Johnson had no notice from either the employer or the commission that the issue of change in physicians was to be considered. Johnson was entitled to the opportunity to be heard and present evidence before having such a change made. Cf. Celanese Fibers Co. v. Johnson, 229 Va. 117, 120, 326 S.E.2d 687, 689-90 (1985) (refusing to consider an issue not stated in the application). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Oak Hill Nursing Home, Inc. v. Back, 221 Va. 411, 417, 270 S.E.2d 723, 726 (1980) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950) (citations omitted)).

In response to the actual question posed by the employer, the commission ordered that Dr. Pleskonko be paid for his services until the date of the deputy commissioner's hearing, deeming him to be an authorized physician. As such, Dr. Pleskonko remains the authorized physician because his removal has been vacated by this order, subject to future motions by the parties and the orders of the commission.

Accordingly, we hold that the commission erred in changing Dr. Pleskonko's status as an authorized physician without first giving notice to Johnson and providing her an opportunity to defend against the change. See Sergio's Pizza v. Soncini, 1 Va. App. 370, 375-76, 339 S.E.2d 204, 207-08 (1986) (discussing proper notice of an issue). We therefore vacate the commission's decision and remand for such further actions as the parties to the proceeding and the commission may elect.

Reversed and remanded.