COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


DEPARTMENT OF HEALTH/
 COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
v.   Record No. 1732-96-1                     PER CURIAM
                                            JANUARY 7, 1997
JOANNE BUTLER KEENE


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        (James S. Gilmore, III, Attorney General;
        Gregory E. Lucyk, Senior Assistant Attorney
        General; Lee Melchor Turlington, Assistant
        Attorney General, on brief), for appellant.

        (Jonathan A. Smith-George; Patten, Wornom &
        Watkins, on brief), for appellee.


        Virginia Department of Health/Commonwealth of Virginia

("employer") contends that the Workers' Compensation Commission

("commission") erred in (1) finding that Joanne B. Keene

("claimant") proved she was injuriously exposed to asbestos while

working as a nurse epidemiologist for employer in the James

Madison Building; (2) finding that claimant's mesothelioma

constituted a compensable occupational disease or ordinary

disease of life as defined by Code §§ 65.2-400 and 65.2-401,

respectively; and (3) admitting into evidence certain documents

related to asbestos contained in the James Madison Building.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

summarily affirm the commission's decision.  Rule 5A:27.

## I. and II.

On appeal, the commission's findings must be viewed in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "'Whether a disease is causally related to the employment and not causally related to other factors is . . . a finding of fact.'  When there is credible evidence to support it, such a finding of fact is 'conclusive and binding' on this Court."  Ross Laboratories v. Barbour, 13 Va. App. 373, 377-78, 412 S.E.2d 205, 208 (1991) (citation omitted).  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Code § 65.2-400 defines an occupational disease as one "arising out of and in the course of employment."  The statute provides that "[a] disease shall be deemed to arise out of the employment" when the evidence establishes six elements.  Element (1) requires that there be "[a] direct causal connection between the conditions under which work is performed and the occupational disease."  Element (3) requires that the disease "can be fairly traced to the employment as the proximate cause."  Employer contends that the commission erred in finding that claimant's

evidence proved the requisite causal connection between her mesothelioma and her employment.[1]

Claimant's testimony regarding the white dust she frequently encountered in her work environment, the testimony and opinions of Dr. Joseph Guth, an industrial hygienist, the opinions of claimant's physicians, Drs. Legier and Schepers, and the documents reflecting that friable asbestos was located above the acoustical ceiling tiles on every floor of the James Madison Building and in the building's air handling system, constitute ample credible evidence to support the commission's finding that claimant acquired mesothelioma as a direct result of her exposure to asbestos during her thirteen years of working for employer in the James Madison Building. Because the commission's factual findings are supported by credible evidence, they are binding and conclusive upon this Court on appeal. Accordingly, we cannot say as a matter of law that the commission erred in finding that claimant proved she sustained a compensable occupational disease pursuant to Code § 65.2-400.

---

[1]The commission did not err in treating claimant's mesothelioma as a compensable occupational disease in accordance with the six requirements of Code § 65.2-400 rather than as an ordinary disease of life pursuant to Code § 65.2-401. If a claimant's occupational disease resulted from substantial exposure outside of the employment, the claimant must meet the more rigorous standard of proof contained in Code § 65.2-401. Holly Farms Foods, Inc. v. Carter, 15 Va. App. 29, 38-39, 422 S.E.2d 165, 170 (1992). Here, credible evidence supports the commission's findings that claimant encountered no substantial exposure to the causes of mesothelioma outside of her employment. There was no evidence that claimant was exposed to asbestos outside of her employment which might have led to her disease.

III.

"[R]igid or technical rules of pleading, evidence, or practice in the conduct of hearings shall not apply so long as the procedures adopted protect the substantial rights of the parties." Sergio's Pizza v. Soncini, 1 Va. App. 370, 376, 339 S.E.2d 204, 207 (1986). See also Rule 2.2, Rules of the Virginia Workers' Compensation Commission. The commission is entitled to accept hearsay evidence without corroboration. Franklin Mortgage Corp. v. Walker, 5 Va. App. 95, 99, 360 S.E.2d 861, 864 (1987), aff'd on reh'g en banc, 6 Va. App. 108, 367 S.E.2d 191 (1988).

In light of the rules according the commission wide discretion in determining the evidence it will receive and consider, we cannot say that the commission abused its discretion in allowing the documents, some of which were employer's own records, into evidence. These documents, which related largely to the removal of asbestos from the James Madison Building, were relevant and material to the issues of exposure and causation. Furthermore, we find nothing to indicate that the commission violated employer's due process rights. The documents admitted into evidence were either prepared by the Commonwealth's employees or were studies of the James Madison Building that were commissioned or requested by employer.[2]

---

[2]We note that claimant's exhibits E-1 and E-14 were not admitted into evidence or considered by the deputy commissioner. Therefore, we find no merit in employer's argument with respect to these two documents.

4

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>