COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Senior Judge Hodges
Argued at Norfolk, Virginia


WESTMORELAND COAL COMPANY
                                        MEMORANDUM OPINION[*] BY
v.   Record No. 2829-96-3              JUDGE WILLIAM H. HODGES
                                             JULY 8, 1997
WILLIE M. GIBSON


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Michael F. Blair (Penn, Stuart & Eskridge, on
               brief), for appellant.

               Susan D. Oglebay for appellee.


     Westmoreland Coal Company (employer) appeals a decision of

the Workers' Compensation Commission (commission) reinstating

Willie Gibson's (claimant) temporary total disability benefits

as of April 9, 1996.  Employer contends that the commission erred

in ruling upon the merits of claimant's April 24, 1996

--------

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

change-in-condition application when it reviewed the deputy commissioner's decision on employer's March 15, 1996[1] change-in-condition application.  Because we find that the commission improperly considered claimant's April 24, 1996 change-in-condition application, we reverse and remand this case to the commission so that it may consider that application pursuant to proper commission procedures.

The deputy commissioner's decision dealt solely with the issue presented by employer's March 15, 1996 application.  The commission did not docket claimant's April 24, 1996 application for hearing.  Moreover, claimant's application was not consolidated with employer's application nor did the deputy commissioner consider claimant's application in rendering his decision.  The commission's adjudication of claimant's application, with no prior notice to employer, deprived employer of due process and did not comply with the commission's procedures set forth in its own rules.  See Rules 1.2 through 1.6, and 2, Rules of the Virginia Workers' Compensation Commission; see also Sergio's Pizza v. Soncini, 1 Va. App. 370, 376, 339 S.E.2d 204, 207 (1986) ("The procedure utilized [by the commission] must afford the parties minimal due process safeguards.").

Accordingly, we remand this case to the commission so that

_____

[1]The parties and the commission referred to employer's application as filed on March 15, 1996.  However, the record indicates that the application was filed on March 22, 1996.

it may consider claimant's change-in-condition application in accordance with its rules.

<u>Reversed and remanded.</u>