COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Humphreys and Alston
Argued at Richmond, Virginia


FAMILY DOLLAR STORES, INC. AND
  INDEMNITY INSURANCE COMPANY
  OF NORTH AMERICA
                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 2904-08-2                        JUDGE LARRY G. ELDER
                                                    SEPTEMBER 29, 2009
JACQUELYN DENISE HUNDLEY


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Angela F. Gibbs (Steven H. Theisen; Midkiff, Muncie & Ross, P.C.,
            on briefs), for appellants.

            (Jacqueline Denise Hundley, *pro se*, on brief).


        Family Dollar Stores, Inc. and Indemnity Insurance Company of North America

(hereinafter collectively employer) appeal a decision of the Workers' Compensation Commission

awarding benefits to Jacquelyn Denise Hundley (claimant) for a neck disability. On appeal,

employer claims the commission erred in considering whether claimant's neck disability was a

compensable consequence of her shoulder injury, contending claimant argued only that she

injured her neck at the same time as her shoulder and not that her neck disability arose

subsequently as a compensable consequence of the covered shoulder injury. Employer contends

the commission's award of benefits under this theory violated its due process rights because it

lacked notice and an opportunity to defend the claim under this theory. Employer also contends

the evidence was insufficient to support a finding that the neck disability was a compensable

consequence. Accordingly, employer contends the commission also erred in holding it

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

responsible for the cost of medical care claimant received for her neck while under the care of a doctor other than her authorized treating physician.

We hold the commission erred in reaching the issue of whether claimant's neck injury was a compensable consequence of her shoulder injury because employer received insufficient notice of the commission's intent to consider this issue. Thus, we vacate the commission's award of benefits without reaching employer's other assignments of error, and we remand for further proceedings consistent with this opinion.

I.

An accidental injury that arises out of and in the course of a claimant's employment is compensable under the Workers' Compensation Act. See, e.g., Amoco Foam Prods. Co. v. Johnson, 257 Va. 29, 32, 510 S.E.2d 443, 444 (1999). Generally speaking, an employer's liability for an industrial injury extends to "'all the medical consequences and *sequelae* that flow from the primary injury.'" American Filtrona Co. v. Hanford, 16 Va. App. 159, 163, 428 S.E.2d 511, 513 (1993) (quoting 1 Arthur Larson, The Law of Workmen's Compensation § 13.11 (1992)). In keeping with this principle, our Supreme Court has recognized the doctrine of "compensable consequences," see Immer & Co. v. Brosnahan, 207 Va. 720, 722-23, 152 S.E.2d 254, 256-57 (1967), which provides that a covered employee who suffers either a causally related "progression, deterioration, or aggravation" of the original compensable injury or a causally related new injury is entitled to the protections of the Act for the causally related aggravation or second injury, as well. Leonard v. Arnold, 218 Va. 210, 214, 237 S.E.2d 97, 99 (1977).

Where an award for the original compensable injury has been entered and a claimant alleges she has suffered a new ailment as a consequence of her original injury, the fact that the new ailment is a compensable consequence does not determine whether the ailment should be

treated as *a change in condition*, for which a change-in-condition application should be filed, or as *a new injury*, for which a new claim must be filed.  See Bartholow Drywall Co. v. Hill, 12 Va. App. 790, 797, 407 S.E.2d 1, 5 (1991).

If the compensable consequence is a causally related new injury, the claimant must file a new claim for benefits.  See, e.g., Leonard, 218 Va. at 213-14, 237 S.E.2d at 99-100 (holding the claimant sustained a compensable new injury when, while on crutches for his original compensable heel injury, he caught the crutches on metal trim on a flight of stairs and fell, injuring his back, shoulders, and neck).  The direct causal connection between the original compensable injury and the new injury satisfies the requirement of proving the new injury "arose out of and in the course of" the claimant's employment, as required for coverage under the Workers' Compensation Act, but the claimant is still required to file a new claim for an injury by accident in order to provide employer with notice of the injury and to meet statute of limitations requirements.  See id. at 214-15, 237 S.E.2d at 100.  For this reason, the Supreme Court has held that "[a]n application for compensation based on a 'change in condition' cannot be used as a substitute for an original hearing on a new and separate accident."  Id. at 215, 237 S.E.2d at 100.

If, by contrast, the new ailment is something that "naturally flow[s] from a progression, deterioration, or aggravation of" the original injury, the claim is one for a change in condition rather than a new injury.  Id. at 214, 237 S.E.2d at 99; see Oak Hill Nursing Home, Inc. v. Back, 221 Va. 411, 270 S.E.2d 723 (1980) (involving the recurrence of pain in a previously injured wrist without an additional traumatic injury); Sergio's Pizza v. Soncini, 1 Va. App. 370, 339 S.E.2d 204 (1986) (involving a burn injury, which led to an infection that caused "tennis elbow").  Where a claim for change in condition is erroneously filed as one for a new injury, the commission may convert the claim to one for change in condition at or after hearing as long as the conversion does not prejudice the employer.  See Back, 221 Va. at 416-18, 270 S.E.2d at

726-27 (holding consolidation of wrist claim with prior claim of injury to same wrist did not prejudice the employer); Soncini, 1 Va. App. at 376-77, 339 S.E.2d at 207-08 (holding consolidation of elbow claim with prior burn claim at the review stage prejudiced employer). In Back, the Supreme Court relied on settled due process principles requiring that the challenged procedure must provide

> "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. . . . The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance . . . [.] But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied."

221 Va. at 417, 270 S.E.2d at 726 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865, 873 (1950) (citations omitted)).

The Court concluded the commission's "consolidation of the two claims . . . was a matter within its discretion" and that the medical reports in the possession of the employer and carrier "made obvious to them that they were dealing with a claimant who was suffering from a condition that had existed since [the date of her original injury] and which during the interim had progressed, deteriorated, become more aggravated, or otherwise changed." Id. at 417-18, 270 S.E.2d at 726-27. On that basis, the Court held as follows:

> [T]he employer and the carrier had notice which was reasonably calculated, under all the circumstances, to apprise them that Mrs. Back had suffered a change of condition subsequent to the last payment of compensation to her growing out of the [original] January 29, 1978 accident, and was making a further claim. They could have offered evidence at the hearing that Mrs. Back's condition was neither due to a traumatic injury on September 6, 1978, nor an aggravation of her condition growing out of the first accident.

Id. at 418, 270 S.E.2d at 727. On that basis, the Court affirmed the commission's award of benefits. Id.

- 4 -

In Soncini, we considered whether the commission "has the authority *at the review stage* to modify an application for benefits from injury or occupational disease to a request for review on change of condition." 1 Va. App. at 371, 339 S.E.2d at 205 (emphasis added). In Soncini, the claimant burned her right hand at work in July 1984, which led to an infection for which she was hospitalized in August 1984. Id. at 373, 339 S.E.2d at 206. While hospitalized, the claimant first experienced pain in her right forearm and elbow, which her treating physician said was "an inflammatory 'reaction,'" later diagnosed as "'tennis elbow.'" Id. at 373-74, 339 S.E.2d at 206. The claimant continued to experience elbow pain, but she was released to return to her pre-injury employment, after which she experienced elbow pain while performing her duties. Id. at 374, 339 S.E.2d at 206. Her problem was again diagnosed as tennis elbow, and she filed an application for hearing, alleging tennis elbow as her "injury or occupational disease and specifying the date of accident as August 29, 1984." Id. Employer filed a first report, and the commission treated the claim as "a new application for benefits from a more recent injury or occupational disease." Id.

At the hearing, in contrast to the procedure followed in Back, the deputy did not consolidate the tennis elbow claim with the prior burn claim. Id. The deputy found the claimant's tennis elbow was "not *an occupational disease* related to her employment" but specifically indicated it "ma[d]e no finding . . . whether claimant's [tennis elbow] is *a compensable consequence* of her July . . . burn injury or the subsequent complications and medical treatment for these complications." Id. at 374, 339 S.E.2d at 206-07 (emphases added). On review, the commission affirmed the deputy's determination that the tennis elbow was not a compensable occupational disease, but it awarded benefits based on its finding that the "'claimant's elbow complaints were the result of a staph infection following the industrial accident (burns) rather than a separate occupational disease[,] . . . *effectually chang[ing] the*

- 5 -

*claim at the review stage [from one for a new injury or disease] to an application for review on change of condition.*" Id. at 375, 339 S.E.2d at 207 (emphasis added).

On appeal, we acknowledged the holding in Back that the commission has authority to consider an application for original injury benefits as an application for review on change in condition in certain circumstances, but we concluded as follows:

> The proceeding here was devoid of any procedure that gave notice to the employer prior to the review stage of the need to defend the claim as one for a change of condition [rather than as a new injury or occupational disease]. . . .  Unlike in [Back], at the hearing level there was no consolidation of the present claim with the earlier file. Also, at the hearing, the medical evidence did not clearly suggest a relationship between the two "injuries."  Even if we assume that the medical evidence presented should have alerted the employer to the possibility of a connection, the procedure employed precluded an adequate opportunity to defend the claim since[, in the proceedings before the deputy,] it was litigated only as [a new injury or] occupational disease.
>
> \*       \*       \*       \*       \*       \*       \*
>
> The Commission, after it determined to address the claim as one for change of condition on review, did not permit or require either party to present additional evidence, although it was empowered to do so.  Code § 65.1-97 [now Code § 65.2-705]; Rule 3 of the Industrial Commission [now Rule 2].  Under these circumstances, to consider the issue of change of condition for the first time at the review stage, without providing the employer an adequate and reasonable opportunity to present evidence or defend, fails to comport with due process notions of fair play and substantial justice.

Id. at 376-77, 339 S.E.2d at 207-08 (footnote omitted).  On that basis, we reversed and vacated the commission's finding that the claimant's elbow complaints resulted from her compensable burn injury, and we remanded "with directions that the Commission afford both parties the opportunity to present evidence on the issue whether claimant's condition was a compensable result of her prior injury or the result of her medical treatment for that injury."  Id. at 377, 339 S.E.2d at 208.

Here, employer contends it was prepared to defend only against claimant's allegation that she injured her neck in the original accident. Relying on Soncini, employer argues the deputy and commission, by "amending the claimant's claim, without notice," to include a claim for compensable consequences, deprived employer of its due process rights, resulting in material prejudice.[1] It argues that to have defended against such a claim, it would have needed to offer new evidence and that, even if it *had* received notice of such a claim, the deputy's ruling on remand precluded it from offering additional evidence. As a result, employer contends the deputy's "finding of a compensable consequence," affirmed by the commission, "should be vacated."

In light of the notice principles discussed above, we agree and hold that employer was entitled to adequate notice of the granting of the amendment and an opportunity to present evidence on the issue. Because the commission had already entered an award for medical benefits for claimant's March 31, 2006 shoulder injury, claimant's claim that she injured her neck *at the same time* she injured her shoulder was, in effect, a change-in-condition application. In contrast, claimant's alternative allegation that she suffered an injury to her neck sometime *after* March 31, 2006, while in physical therapy for her shoulder, was a claim of a *new* injury. Although this latter neck claim was one for a compensable consequence alleged to be causally related to claimant's compensable shoulder injury, the proper vehicle for placing this issue before the commission was the filing of a new claim for benefits for a new injury. In light of the Supreme Court's holding in the statute-of-limitations context that "[a]n application for

_____

[1] Employer also contends that the deputy and commission amended claimant's claim *sua sponte*. On the contrary, the record establishes claimant alleged three times before the deputy's second consideration of the issue that she may have injured her neck *after* she injured her shoulder—in paragraph V of her request for review of the deputy's first decision, in her written argument in support of that request, and in a written submission to the deputy following the commission's remand but prior to the deputy's second decision.

compensation based on a 'change in condition' cannot be used as a substitute for an original hearing on a new and separate accident," Leonard, 218 Va. at 215, 237 S.E.2d at 100, we conclude that the commission could not award claimant benefits for a subsequently-sustained "compensable consequence" neck injury without adequate notice to employer that it would be considering such an issue.  Because employer received no such notice here, the commission's affirmance of the deputy's decision on this point was error.

The commission has significant discretion in determining what amounts to sufficient information to constitute the filing of a new claim.  See Massey Builders Supply Corp. v. Colgan, 36 Va. App. 496, 503-06, 553 S.E.2d 146, 150-51 (2001) (noting the principle that a claim for benefits need not be filed on any particular form or even in a single document if the documents, construed together, contain sufficient information to constitute a claim).  In administrative proceedings before the commission,

> Pleading requirements . . . are traditionally more informal than [in] judicial proceedings.  While some degree of formality or the use of standardized uniform procedures and forms may be more conducive to an orderly and expeditious process, rigid or technical rules of pleading, evidence, or practice in the conduct of hearings shall not apply so long as the procedures adopted protect the substantial rights of the parties.

Soncini, 1 Va. App. at 376, 339 S.E.2d at 207 (citations omitted); see Nelson County Schs. v. Woodson, 45 Va. App. 674, 679, 613 S.E.2d 480, 483 (2005).  "The procedure utilized [need only] afford the parties minimal due process safeguards."  Soncini, 1 Va. App. at 376, 339 S.E.2d at 207.  The commission also had the discretion to join the "compensable consequence" neck issue for resolution with the existing claim that the neck injury occurred at the same time as the shoulder injury, see id. at 376-77, 339 S.E.2d at 208, again so long as employer received adequate notice of the commission's intent to do so.

We agree with employer's contention that, on the facts of this case, employer did not receive sufficient notice of the new injury claim and the commission's intent to entertain it at a time when employer had an opportunity to develop and present evidence on the issue—prior to the deputy's hearing and decision on remand. We conclude the deputy's decision and the commission's affirmance awarding claimant benefits for "her neck injury [as] a compensable consequence of the original shoulder injury" deprived employer of due process.

Thus, we vacate the decision of the commission without reaching the commission's additional rulings and remand for further proceedings consistent with this opinion.

## II.

For these reasons, we hold the commission erred in reaching the issue of whether claimant's neck injury was a compensable consequence of her shoulder injury because employer received insufficient notice of the commission's intent to consider this issue and had no opportunity to present evidence on the issue. Thus, we vacate the commission's award of benefits without reaching employer's other assignments of error, and we remand for further proceedings consistent with this opinion.

<u>Vacated and remanded.</u>