COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia


NELSON COUNTY SCHOOLS AND
 COMPMANAGEMENT, INC.
                                                        OPINION BY
v.       Record No. 2567-04-2            JUDGE ROBERT J. HUMPHREYS
                                                        MAY 31, 2005
BRENDA ANN WOODSON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            J. David Griffin (Fowler Griffin Coyne & Patton, P.C., on briefs), for
            appellants.

            Leila H. Kilgore (Benjamin M. Smith, Jr.; Kilgore & Smith, on
            brief), for appellee.


        Appellants Nelson County Schools and CompManagement, Inc. (collectively,

"employer") appeal from a decision of the Workers' Compensation Commission awarding

medical benefits to appellee Brenda Ann Woodson ("Woodson") pursuant to Code § 65.2-603.

The sole issue on appeal is whether the commission erroneously concluded that Woodson could

recover medical benefits notwithstanding her failure to specifically request medical benefits in

her application to the commission.  For the reasons that follow, we hold that the commission did

not err, and we affirm the award of medical benefits.

                                I.  BACKGROUND

        On November 26, 2003, Woodson filed a claim for benefits, alleging that she suffered a

work-related injury while checking the oil level in her school bus.  Woodson used the

commission's standard application form, which contains a section with the heading:  "What

specific benefits are you seeking?  Check all that apply."  In the following list, Woodson checked

the entry "Compensation for total wage loss for the periods listed below." Woodson did not check the entries "Payment of lifetime medical costs for this injury and/or disease" or "Payment of specific medical bills (attach to this form) related to this injury and/or disease."

During the hearing before the deputy commissioner, employer objected to Woodson's testimony about her medical treatment, arguing that "our position is medicals are not an issue" because "[t]hat's not part of the application, and that's also not part of what was asked for even in the interrogatories." The commissioner, however, held that a request for medical benefits was "implicit" in the filing of the application for benefits, noting that "[w]hen you have an injury you go to the doctor[,] [a]nd to say . . . you don't want your doctor to be paid but you want to be compensated for lost time" is "ludicrous." Thus, the deputy commissioner awarded Woodson temporary total disability benefits and medical benefits "pursuant to § 65.2-603 for as long as necessary for her August 21, 2003, neck injury."

Employer appealed to the full commission, which affirmed the decision of the deputy commissioner. The commission "agree[d] with the Deputy Commissioner that it was not necessary for [Woodson] to specifically allege that [she] was claiming medical benefits for treatment related to [her] accident," reasoning that "[s]uch a claim is implicit in an initial claim that alleges disability from work." The commission also disagreed with employer's argument that Woodson was required to check the entry on the application indicating that she was seeking "payment of lifetime medical costs for this injury and/or disease," noting instead that that part of the application "pertains to a medical only claim." Employer appeals.

II. ANALYSIS

Although we defer to the commission in its role as fact finder, we "review questions of law *de novo*," Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 225, 229 (1999) (en banc), and therefore do not consider ourselves "'bound by the legal determinations

made by the commission.'"  Grayson County Sch. Bd. v. Cornett, 39 Va. App. 279, 281, 572 S.E.2d 505, 506 (2002) (quoting Robinson v. Salvation Army, 20 Va. App. 570, 572, 459 S.E.2d 103, 104 (1995)); see also Sturtz v. Chesapeake Corp., 38 Va. App. 672, 675, 568 S.E.2d 381, 383 (2002).  Even so, with regard to the commission's interpretation of the Workers' Compensation Act, "'we follow the settled rule that the construction accorded a statute by public officials charged with its administration is entitled to be given weight by the courts.'"  Sturtz, 38 Va. App. at 675, 568 S.E.2d at 383 (quoting Bohle v. Henrico County Sch. Bd., 246 Va. 30, 35, 431 S.E.2d 36, 39 (1993)).

As pertinent here, the Workers' Compensation Act provides that, "[a]s long as necessary after an accident, the employer *shall* furnish or cause to be furnished, free of charge to the injured employee, a physician chosen by the injured employee . . . and [any] other necessary medical attention" related to the compensable injury.  Code § 65.2-602(A)(1) (emphasis added).  It is well established that "[t]he medical attention and hospitalization which the employee is entitled to receive and the employer is required to furnish . . . is incidental to and a part of the compensation to which the employee is entitled under the act."  Merrimac Anthracite Coal Corp. v. Showalter, 158 Va. 227, 231-32, 163 S.E. 73, 74 (1932); see also Warren Trucking Co. v. Chandler, 221 Va. 1108, 1115, 277 S.E.2d 488, 492 (1981); Fairfax Hosp. v. DeLaFleur, 221 Va. 406, 409, 270 S.E.2d 720, 722 (1980) (per curiam) ("If the employer is liable for compensation, it is also liable for medical expenses causally related to the injury.").

Because "[t]his statutory duty on the employer is mandatory," Cash v. Am. Health Ins. Corp., 203 Va. 719, 721, 127 S.E.2d 119, 121 (1962), an injured employee is automatically entitled to receive medical benefits once the fact of a compensable injury has been established.

This entitlement cannot be negated by the employee's failure to specifically request an award of medical benefits in her application to the commission.[1]

Employer, however, argues that, even if a compensable injury has been established, an employee cannot recover relief not specifically requested in the employee's application for benefits, reasoning that, under the circumstances of this case, permitting Woodson to recover medical benefits would violate its right to due process of law. We disagree.

"Pleading requirements in administrative proceedings . . . are traditionally more informal than judicial proceedings." Sergio's Pizza v. Soncini, 1 Va. App. 370, 376, 339 S.E.2d 204, 207 (1986). Thus, "[w]hile some degree of formality or the use of standardized uniform procedures and forms may be more conducive to an orderly and expeditious process, rigid or technical rules of pleading . . . shall not apply so long as the procedures adopted protect the substantial rights of the parties." Id.; see also Hospice Choice, Inc. v. O'Quin, 42 Va. App. 598, 605-06, 593 S.E.2d 554, 557 (2004). In other words, "[t]he procedure utilized [need only] afford the parties minimal due process safeguards." Sergio's Pizza, 1 Va. App. at 376, 339 S.E.2d at 207; see also Henrico

---

[1] We further note that Woodson was not required, by statute or rule, to file an application listing all of the benefits to which she believed she was entitled. Commission Rule 1.1 requires only that a claim for benefits "shall" be in writing, and "should" set forth, *inter alia*, the benefits sought. Because "the word 'should' ordinarily implies no more than expediency and is directory only," Brushy Ridge Coal Co. v. Blevins, 6 Va. App. 73, 78, 367 S.E.2d 204, 206 (1998), Rule 1:1 therefore acts as a "guide," and "does not automatically exclude from consideration a claim which omits one or more of the items of information which the rules say a claim 'should set forth.'" Massey Builders Supply Corp. v. Colgan, 36 Va. App. 496, 503-04, 553 S.E.2d 146, 150 (2001). Also, although "the commission disseminates a standardized claim form on which an injured employee may report an industrial injury, [] neither the Act nor the commission's rules require that a claim must be filed on that or any other form." Fairfax County Sch. Bd. v. Humphrey, 41 Va. App. 147, 156, 583 S.E.2d 65, 69 (2003) (internal quotations omitted)). Rather, a claimant need only file a written claim that both identifies "the employer, the date of the accident, the location of the accident, and the injuries suffered" and "fairly apprise[s] the commission that a claim [for benefits is] being made." Cheski v. Arlington County Pub. Schs., 16 Va. App. 936, 938, 434 S.E.2d 353, 355 (1993) (internal quotations omitted). Thus, we have never held, nor do we now hold, that a claimant must specifically identify all of the benefits sought in order to file a proper claim under the Act.

(County of) Public Utilities v. Taylor, 34 Va. App. 233, 243, 540 S.E.2d 501, 506-07 (2001) ("In the context of a workers' compensation proceeding, due process 'is flexible and calls for such procedural protections as the particular situation demands.'" (quoting Duncan v. ABF Freight Sys., Inc., 20 Va. App. 418, 422, 457 S.E.2d 424, 426 (1995) (internal quotations omitted))). To satisfy "minimal due process safeguards," the challenged procedure must provide "'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections.'" Schwab Construction v. McCarter, 25 Va. App. 104, 111, 486 S.E.2d 562, 565 (1997) (quoting Oak Hill Nursing Home, Inc. v. Back, 221 Va. 411, 416, 270 S.E.2d 723, 726 (1980) (internal quotations omitted)). Thus, we have held that, as long as the employee's application for benefits provides an employer with notice "of the potential issues in a case," the claim will satisfy "minimal due process safeguards." Johnson v. Paul Johnson Plastering, 37 Va. App. 716, 723, 561 S.E.2d 40, 44 (2002), rev'd in part on other grounds, 265 Va. 237, 576 S.E.2d 447 (2003).

The circumstances of this case are analogous to those in Fairfax Hospital, where the employer contended that the commission erred in awarding the employee the medical costs associated with her work-related injury, arguing "that the issue of liability for such costs was never litigated before the hearing commissioner." 221 Va. at 409, 270 S.E.2d at 722. The Virginia Supreme Court rejected the employer's argument, reasoning that "[t]he full medical record was before the Commission," and, as a result, the employer "was not denied the opportunity to contest the issue of liability for the [] medical expenses." Id. at 410, 270 S.E.2d at 722.

Similarly, here, "[t]he full medical record was before the Commission," and employer was provided with an opportunity "to contest the issue of liability for the [] medical expenses." Id. Employer, moreover, did not request a continuance, nor did it "assert that [it] was unprepared

- 5 -

to proceed on this issue or ask the [commission] to consider the merits of the [issue] at a later date." Parish v. Spaulding, 257 Va. 357, 362, 513 S.E.2d 391, 393 (1999). Because employer was aware of the pendency of the action, had notice of the potential issues in the case, and was afforded an opportunity to present its objections, the minimal requirements of due process were satisfied, and employer has not established that it was prejudiced by Woodson's failure to request an award of medical benefits prior to the hearing before the deputy commissioner.[2] Accordingly, we affirm the commission's award of benefits. Cf. Taylor, 34 Va. App. at 245, 540 S.E.2d at 507 (holding that, where the employee, prior to the hearing, indicated that she would be seeking temporary total disability benefits as well as partial disability benefits, and did not seek any benefits outside the time period identified in the application, the employer failed to establish prejudice and, thus, its due process rights were not violated).[3]

Affirmed.

---

[2] We also note that, because no specific payments for medical benefits have been ordered, employer is free to contest the necessity and reasonableness of Woodson's medical expenses in any subsequent proceeding.

[3] But cf. WLR Foods v. Cardosa, 26 Va. App. 220, 227-28, 494 S.E.2d 147, 151 (holding that, where the commission, *sua sponte* and without notice to the employer, modified the employee's claim and awarded benefits for a period other than that identified in the application for benefits, the employer's due process rights had been violated, reasoning that, because the modification did not occur until "*after* both the hearing and the review proceedings were concluded," the employer "had no notice of a potential award . . . until the commission rendered its decision" (emphasis added)); Sergio's Pizza, 1 Va. App. at 377, 339 S.E.2d at 208 (holding that notice was not properly given where the deputy commissioner modified the claimant's petition from that of a new occupational injury to a change-in-condition application *after* the hearing, during the *review* stage of the proceedings, reasoning that the "course of action adopted precluded an adequate opportunity to defend at the hearing stage . . . or at any stage at which the employer could have submitted evidence").