COURT OF APPEALS OF VIRGINIA

Present:    Judges Kelsey, Petty and Senior Judge Clements
Argued at Alexandria, Virginia


DENNIS JOHN KAPPELER
                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0292-09-4                     JUDGE D. ARTHUR KELSEY
                                                       OCTOBER 13, 2009
LORIE LYN KAPPELER


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Bruce D. White, Judge

J. Casey Forrester (Economou, Forrester & Ray, on
briefs), for appellant.

Beth A. Bittel (Joshua R. Anthony; Law Offices of Beth A.
Bittel, P.C., on brief), for appellee.


Dennis John Kappeler appeals an order increasing his child support obligation to include

after school childcare costs. He claims the order violates *res judicata* because the trial court

abused its discretion in finding changed circumstances. He also argues the trial court violated

due process principles by deciding an issue not raised in the pleadings. Finding no merit in

either assertion, we affirm.

I.

When reviewing a trial court's decision on appeal, "we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). "That principle

requires us to discard the evidence of the appellant which conflicts, either directly or

inferentially, with the evidence presented by the appellee at trial." Brandau v. Brandau, 52

Va. App. 632, 635, 666 S.E.2d 532, 534 (2008) (citation omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In this case, the trial court entered a final decree of divorce in June 2007. The decree gave Dennis John Kappeler (father) and Lorie Lyn Kappeler (mother) joint, split custody of their two children. The decree ordered father to pay mother child support for the two children while they were in her care. The child support calculation included costs associated with before school and summer school childcare. The divorce decree also noted that the "*after* school child care costs *previously incurred* by the Wife have been excluded from the guideline *at this time* based on the Husband's representation that he is available to care for the children after school during the Wife's custodial periods . . . ." Final Divorce Decree ¶ 6, at 6 (emphasis added). The decree said nothing about future after school childcare costs. At the time of the decree, the children were enrolled in both before and after school childcare.

A year later, mother filed a motion seeking an increase in child support to pay for after school childcare for the children when they were in her physical custody. The motion alleged "material changes in circumstances" including a decrease in her income and her desire to "establish after school child care arrangements for the minor children during her custodial periods." Plaintiff's Motion to Recalculate Child Support ¶ 3, at 4.

Father countered with a motion seeking to reduce child support. He too alleged "material changes in circumstances" including his ability and willingness to alleviate all work-related childcare costs by providing non-custodial care for the children both before and after school. See Motion to Reduce Child Support ¶ 5, at 2. Father pointed out that Code § 20-108.2(F) required the court to "consider the willingness and availability of the noncustodial parent to provide child care personally in determining whether child-care costs are necessary or excessive." Memorandum in Opposition to Plaintiff's Motion to Recalculate Child Support at 3.

Father did not file any demurrer or other pretrial motion challenging the factual specificity of mother's motion. Nor did he claim mother failed to answer any discovery requests

seeking additional detail for her allegation of changed circumstances. At the evidentiary hearing, mother's counsel directed the court's attention to Code § 20-108.2(F)'s caveat that non-custodial childcare should only be allowed "where appropriate." Mother's counsel went on to forecast her evidence that it would be "wholly inappropriate" for father to provide before and after school care for the children because of the "tension, the hostility, the anger, the volatility" he had toward their mother. Father's counsel did not object to mother's opening statement or express any surprise about her allegations.

Mother testified that she did not believe before and after school care by father (during mother's custodial period) would be "an appropriate alternative" to the arrangements already in place. She said father's demeanor toward her was still "very hostile" and "very volatile." Because "[t]here is still a lot of anger involved," mother thought the children needed to be "shielded from this" as much as possible. She added that father prolonged departures by "climbing into the car" as she tried to drive away, and she had to limit contact with father because of his hostility. She also stated that during transfers of the children father displayed "invading" and "very controlling" behavior. This troubled her, mother explained, because "the children pick up on it."

Mother introduced into evidence a recent letter from father and his new wife accusing mother of trespassing on their property (an allegation mother denied) and warning that they would seek her arrest if she appeared again on their property outside the context of court-ordered drop-offs and pick-ups of the children. Allowing father to provide before and after school care on a daily basis, mother concluded, would exacerbate these problems.

Father took the witness stand to contest mother's allegations. He added that mother's new boyfriend had threatened and harassed him. Father's new wife testified as well, confirming that she and father were willing and able to provide before and after school childcare.

- 3 -

In closing arguments, counsel for both parties addressed the evidence offered on the before and after school childcare issue. Father's counsel never objected to the issue being before the court. Nor did he ever assert the issue had not been sufficiently pled in mother's written motion.

Finding that the circumstances had changed since the divorce decree, the trial court granted mother's motion to increase child support and denied father's motion to decrease it.[1] The court found that physical transfer of the children could "have a negative impact on the children if controversies arise out of that." Daily transfers, the court held, could cause "significant issues" with the children because they would likely be exposed to "animosity from the parents" during these episodes. The court added that "in the future" it may well be that the transfers could "be done smoothly," but it did not "appear that that time has gotten here yet." "I don't find in this case that it is appropriate that the father or the father's [new] spouse be the person to take that afternoon [after school] care," the trial judge stated from the bench.

Though father did not object during the hearing to wife's evidence of a change in circumstances, he filed a motion to reconsider arguing that *res judicata* barred the request for an increase in child support to pay for after school childcare because the final decree "implicitly" found him to be an appropriate provider of childcare. See Defendant's Memorandum in Support of Motion for Reconsideration at 2. No evidence of a change in circumstances, father continued, warranted the increase in child support to cover after school childcare costs. Father also argued that mother's pleadings violated "due process of law" because they did not provide sufficient detail to notify him of the allegations of hostility between the parties. Id. at 2-3. The trial court denied the motion to reconsider.

---

[1] As the trial judge explained, "I do find that there is change in circumstance proven. That was the position of both parties and I find that that has occurred."

Father raises on appeal the same assertions he raised in his motion for reconsideration. Like the trial court, we find no merit in either argument.

## II.

### A. CHANGED CIRCUMSTANCES — ABUSE OF DISCRETION

We first address husband's argument that *res judicata* barred the trial court from modifying the prior child support award because no change in circumstances warranted the modification.

Under *res judicata* principles, an unappealed child support order can be modified only upon a showing of a material change in circumstances. See Barton v. Barton, 31 Va. App. 175, 178, 522 S.E.2d 373, 374 (1999). The party seeking the modification "has the burden of proving a material change by a preponderance of the evidence." Broadhead v. Broadhead, 51 Va. App. 170, 179, 655 S.E.2d 748, 752 (2008) (citation omitted). "'Changed circumstances' is a broad concept and incorporates a broad range of positive and negative developments in the lives of the children," Wheeler v. Wheeler, 42 Va. App. 282, 289 n.1, 591 S.E.2d 698, 702 n.1 (2004), as well as material changes to the incomes and expenses of the parties, Broadhead, 51 Va. App. at 179, 655 S.E.2d at 752. A trial court's decision on changed circumstances is a "factual finding" deserving of high appellate deference. Wheeler, 42 Va. App. at 289 n.1, 591 S.E.2d at 702 n.1.

In matters of child support, Code §§ 20-108.1 and 20-108.2 mark off the boundaries of the trial court's factfinding discretion. Subsection F of § 20-108.2 specifically addresses childcare costs. "Any child-care costs incurred on behalf of the child or children due to employment of the custodial parent *shall be added* to the basic child support obligation." Id. (emphasis added). "*Where appropriate*," however, "the court shall consider the willingness and availability of the noncustodial parent to provide child care personally in determining whether child-care costs are necessary or excessive." Id. (emphasis added). The application of this

statute to the facts of a particular case involves a judgment call by the trial court subject to appellate review only for an abuse of discretion. "When dealing with discretionary decisions, only 'when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Brandau, 52 Va. App. at 641, 666 S.E.2d at 537 (citation omitted).

In this case, we cannot say the trial court abused its discretion. Mother testified that father was hostile and volatile toward her. During transfers of the children, she added, father displayed "invading" and "very controlling" behavior. She offered her maternal opinion that the children needed to be shielded from their father's anger as much as possible. The trial court agreed, noting the unfortunate capacity of children to absorb animosity from their parents and to be demoralized by constant parental acrimony.[2] The court held out hope that things might change "in the future" but nonetheless concluded it did not "appear that that time has gotten here yet."

The trial court's ruling did not violate *res judicata* principles. Under Code § 20-108.2(F), the appropriateness of a noncustodial parent's role in a childcare plan does not involve a static, one-time assessment of the evidence. The children's best interests "must be based upon current circumstances and may be modified as future events occur." Peter N. Swisher, Lawrence D. Diehl & James R. Cottrell, Family Law: Theory Practice and Forms § 10:5, at 409 (2009). Here, mother's testimony about father's hostile and volatile disposition described his current attitude. Her examples of "invading" and "very controlling" behavior by father described transfers occurring *after* the entry of the divorce decree. Nothing in the final divorce decree or the presentation of the parties suggested these circumstances predated the divorce decree. To be

---

[2] See generally James G. Dwyer, A Taxonomy of Children's Existing Rights in State Decision Making About Their Relationships, 11 Wm. & Mary Bill of Rts. J. 845, 913 n.195 (2003) ("Ordinarily, it is not conducive to the best interest and welfare of a child for it to be shifted and shuttled back and forth as such an arrangement is likely to cause confusion, interfere

sure, father denied wife's allegations outright — claiming that he never displayed questionable behavior during any transfer of the children either before or after the divorce decree.[3] The trial court, therefore, had ample grounds to conclude the circumstances implicated by Code § 20-108.2(F) had changed since the time the final divorce decree was entered over a year earlier.

### B. CHANGED CIRCUMSTANCES — FAILURE TO PLEAD

Husband contends the trial court violated "due process" principles by permitting the evidentiary hearing to go forward despite wife's failure to specifically plead her "false claim that there was hostility between the parties during transfers of the children . . . ." Appellant's Br. at 11. The trial court rejected this argument, as do we.

Most types of judicial relief may not be awarded if the requesting party does not expressly request it in the pleadings. See, e.g., Fleming v. Fleming, 32 Va. App. 822, 826, 531 S.E.2d 38, 40 (2000); Reid v. Reid, 24 Va. App. 146, 149-50, 480 S.E.2d 771, 772 (1997); Boyd v. Boyd, 2 Va. App. 16, 17-18, 340 S.E.2d 578, 579 (1986). In the context of domestic relations cases, "substantial compliance" usually suffices, Gologanoff v. Gologanoff, 6 Va. App. 340, 348, 369 S.E.2d 446, 450 (1988), if the pleadings provide "fair warning of the *general form of relief sought*," O'Rourke v. Vuturo, 49 Va. App. 139, 148, 638 S.E.2d 124, 128 (2006) (emphasis added); see, e.g., Fadness v. Fadness, 52 Va. App. 833, 845, 667 S.E.2d 857, 863 (2008) (holding wife's request for a "periodic or lump sum monetary award" clearly placed husband on notice and was sufficient to support an award of spousal support). Father cites no authority, and

---

with the proper training of the child and make the child the basis of many quarrels between its custodians.").

[3] Employing a form of alternative argument, husband's counsel suggests on appeal we should presume that husband's hostility during transfers (assuming *arguendo* there was any) likely predated the divorce decree given the hotly contested nature of the proceeding. Consequently, he reasons, there could be no change in circumstances. "We are not the fact-finders," however, "and an appeal should not be resolved on the basis of our supposition that one

we know of none, imposing any heightened pleading requirement on a motion to modify child support.

Mother's "Motion to Recalculate Child Support" quoted the final divorce decree and alleged "there have been material changes in circumstances which require the recalculation of the Defendant's child support obligation . . . ." Motion to Recalculate Child Support ¶ 3, at 4. The motion added that mother had "elected to establish after school child care arrangements for the minor children during her custodial periods." Id. ¶ 3(b), at 4.

In reply, father filed a cross motion seeking to reduce child support. He cited Code § 20-108.2(F) and asserted his "willingness and availability" to provide childcare constituted a change in circumstances justifying the exclusion of "all of the work-related child care costs" from the existing support award. Motion to Reduce Child Support ¶ 5, at 2.

Together, these pleadings squarely placed the § 20-108.2(F) issue before the court for decision.[4] The best evidence that the pleadings in fact put father on notice of the issue is not merely the pleadings themselves, but that father expressed not the slightest surprise at the evidentiary hearing about the issue being presented for a decision — either during argument of counsel or the presentation of evidence. Nor did father request a continuance or object when the trial court ruled on the Code § 20-108.2(F) issue. Instead, he waited until after the court ruled against him to file a motion for reconsideration claiming mother's motion, filed five months earlier, failed to put him on notice of the issues that would be addressed at the hearing. Even then, father did not proffer what evidence, if any, he might have mustered in his defense had he

---

set of facts is more probable than another." Petry v. Petry, 41 Va. App. 782, 792 n.4, 589 S.E.2d 458, 463 n.4 (2003) (citation omitted).

[4] Our holding makes it unnecessary to address whether, and at what point, an inadequacy in pleadings ripens into a "due process" violation of constitutional dimensions. See generally Oak Hill Home v. Back, 221 Va. 411, 416-17, 270 S.E.2d 723, 726 (1980); Nelson County Schools v. Woodson, 45 Va. App. 674, 680-81, 613 S.E.2d 480, 483 (2005); Crystal Oil Co. v. Dotson, 12 Va. App. 1014, 1017-18, 408 S.E.2d 252, 253-54 (1991).

been earlier advised of the factual specifics of mother's allegations against him. Nor did he explain why, if he felt mother's motion was too ambiguous, he did not file a prehearing request for a bill of particulars or a demurrer challenging the claimed lack of specificity.

III.

Finding the evidentiary record factually sufficient to support the trial court's modification of child support and the pleadings legally sufficient to raise the issue for decision, we affirm.

<u>Affirmed and remanded.</u>[5]

---

[5] Finding father's arguments "not fairly debatable under any reasonable construction of the record or the governing legal principles," <u>Brandau</u>, 52 Va. App. at 642, 666 S.E.2d at 538, we grant mother's request for attorney fees incurred on appeal and remand this case to the circuit court for entry of an award for such fees.