UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Alston and Decker
Argued at Richmond, Virginia

CHESTERFIELD COUNTY PUBLIC SCHOOLS

MEMORANDUM OPINION[*] BY
v.      Record No. 0069-14-2          JUDGE ROBERT J. HUMPHREYS
AUGUST 12, 2014

LAURA A. PATRICK

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Michael P. Kozak, Senior Assistant County Attorney (Chesterfield
County Attorney's Office, on brief), for appellant.

Robert L. Flax (Robert L. Flax, P.C., on brief), for appellee.

Chesterfield County Public Schools ("Chesterfield County") appeals the decision of the

Virginia Workers' Compensation Commission ("the commission") to award temporary partial

disability benefits to Laura A. Patrick ("Patrick"). Chesterfield County's argument on appeal is

that the commission's decision to award Patrick temporary partial disability benefits denied it

due process of law because the parties only litigated the issue of temporary total disability

benefits and it should have been afforded the opportunity to contest a temporary partial disability

benefits award. For the reasons that follow, we affirm the decision of the commission.

While working as a school bus driver for Chesterfield County, Patrick suffered a

compensable injury on May 29, 2012 from a backwards fall. The commission awarded her

medical benefits and temporary total disability benefits. On December 27, 2012, Patrick filed an

amended claim alleging her injuries were actually more severe than anticipated. On January 11,

2013, Chesterfield County filed an application for a hearing requesting that Patrick's outstanding

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

temporary total disability award be terminated because she had been released to her pre-injury work as of January 2, 2013. The commission suspended Patrick's disability payments pending a hearing before the deputy commissioner to resolve both Patrick's amended claim and Chesterfield County's application.

Patrick saw several physicians from the time that she was injured until the hearing before the deputy commissioner. As of January 2, 2013, Dr. Glick and Dr. McDermott noted that Patrick was ready for "full release to work without restrictions as a bus driver." However, Patrick claimed that she was continuing to experience pain in early January 2013 despite Dr. Glick's opinion that there was no objective evidence that supported her complaints. After several referrals, Patrick was treated by Dr. Valente on April 10, 2013. Dr. Valente found that Patrick should remain out of work until May 15, 2013. Due to Patrick's improvement resulting from a new course of treatment, Dr. Valente released her to part-time work on May 14, 2013. On May 20, 2013, ten days before the hearing before the deputy commissioner, Patrick returned to work on a part-time basis.

At the May 30, 2013 hearing before the deputy commissioner, in defense against Chesterfield County's application, Patrick claimed that she continued to be disabled as a result of the original injury. Chesterfield County asserted that based on Dr. Glick's January 2, 2013 release Patrick should be back to full-duty work. At the outset of the hearing, the deputy commissioner asked Chesterfield County, "[I]f I find that she is still disabled for a reason causally related to the accident, do you have any objection to modifying the award to temporary partial [disability benefits]?" Chesterfield County responded "no." Then the deputy commissioner asked, "[I]f I find she was released to full-duty, it's your contention I would just cut it off and then she would not be due any more benefits?" Chesterfield County responded, "That's correct." The deputy commissioner noted, and Chesterfield County agreed, that the

- 2 -

"Defendants have no objection to me awarding temporary partial as of May 20[, 2013] if the Employer's application fails."

The deputy commissioner found that Chesterfield County proved that "the claimant was released to full duty as of January 2, 2013," and therefore granted its application. However, the deputy commissioner additionally concluded that "Dr. Valente's records support a finding that [Patrick] was restricted from returning to full duty for reasons causally related to the injury as of the day she returned to work May 20, 2013." Although Patrick did not raise the issue of temporary partial disability benefits in her amended claim—which was notably filed before she returned to work—the deputy commissioner found that "the claimant's assertion, at the hearing, that she had returned to work was an implicit request for temporary partial disability benefits." Consequently, he terminated temporary total disability benefits as of January 11, 2013, but also awarded Patrick temporary partial disability benefits as of May 20, 2013.

The commission affirmed the deputy commissioner's decision to terminate Patrick's temporary total disability benefits as of January 11, 2013 because it found no error in the finding that she was released to pre-injury work as of January 2, 2013. With respect to Patrick's temporary partial disability benefits award, Chesterfield County requested that the commission reverse and remand and allow it to be heard on the issue of partial disability because it had only agreed to temporary partial disability benefits if the existing temporary total disability benefits were reinstated. The commission found that remanding on the issue of temporary partial disability benefits was "not necessary," because Patrick "defended the employer's application for hearing by asserting she remained disabled, *an implicit request* for ongoing disability benefits." Relying on the opinion of Dr. Valente, the commission found that the deputy commissioner did not err in finding that Patrick met her burden of proving causally related partial disability as of the date she returned to work part-time.

- 3 -

On appeal before this Court, Chesterfield County argues that the commission's decision to award Patrick temporary partial disability benefits denied it due process of law because Patrick never requested temporary partial disability benefits and the parties only litigated the issue of temporary total disability benefits. Specifically it argues that the commission's decision to treat the fact that Patrick had returned to work as an implicit request for partial disability was a "post-hearing *sua sponte* amendment of Patrick's claim," which denied it due process of law. Chesterfield County asserts that at the hearing before the deputy commissioner, the parties stipulated that if the employer's application to terminate total disability benefits *was denied*, and total benefits were reinstated, *only then* did it have no objection to the deputy commissioner modifying Patrick's award to temporary partial disability benefits effective the day Patrick returned to part-time work.[1] Chesterfield County thus asserts that the only issue that was "fully litigated" was whether Patrick was entitled to total disability benefits and, therefore, it lacked fair notice and opportunity to defend the claim for temporary partial disability benefits.

The issue before this Court is very narrow. The sole question this Court must resolve is whether Chesterfield County was denied due process of law by the commission's decision to award temporary partial disability benefits. While the commission's factual determinations are binding on this Court, Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991), whether the commission's decision to award Patrick partial disability benefits denied Chesterfield County due process presents a question of law which this Court reviews *de novo*. See Nelson Cnty. Sch. v. Woodson, 45 Va. App. 674, 677, 613 S.E.2d 480, 482 (2005).

"Pleading requirements in administrative proceedings . . . are traditionally more informal than judicial proceedings." Sergio's Pizza v. Soncini, 1 Va. App. 370, 376, 339 S.E.2d 204, 207

---

[1] Patrick disputes that there was a "stipulation." It appears from the record that rather than a stipulation between the parties, Chesterfield County simply responded as indicated to a question posed by the deputy commissioner.

(1986). Thus, "'while some degree of formality or the use of standardized uniform procedures and forms may be more conducive to an orderly and expeditious process, rigid or technical rules of pleading . . . shall not apply so long as the procedures adopted protect the substantial rights of the parties.'" Nelson Cnty. Sch., 45 Va. App. at 679, 613 S.E.2d at 483 (quoting Sergio's Pizza, 1 Va. App. at 376, 339 S.E.2d at 207); see also Henrico Pub. Utils. v. Taylor, 34 Va. App. 233, 243, 540 S.E.2d 501, 506-07 (2001) ("In the context of a workers' compensation proceeding, due process 'is flexible and calls for such procedural protections as the particular situation demands.'" (quoting Duncan v. ABF Freight Sys., Inc., 20 Va. App. 418, 422, 457 S.E.2d 424, 426 (1995))). "In other words, 'the procedure utilized [need only] afford the parties minimal due process safeguards.'" Nelson Cnty. Sch., 45 Va. App. at 679, 613 S.E.2d at 483 (quoting Sergio's Pizza, 1 Va. App. at 376, 339 S.E.2d at 207). "To satisfy minimal due process safeguards, the challenged procedure must provide 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections.'" Id. at 680-81, 613 S.E.2d at 483 (quoting Schwab Constr. v. McCarter, 25 Va. App. 104, 111, 486 S.E.2d 562, 565 (1997)). Thus, "as long as the employee's application for benefits provides an employer with notice 'of the potential issues in a case,' the claim will satisfy 'minimal due process safeguards.'" Id. (quoting Johnson v. Paul Johnson Plastering, 37 Va. App. 716, 723, 561 S.E.2d 40, 44 (2002), rev'd in part on other grounds, 265 Va. 237, 576 S.E.2d 447 (2003)).

Chesterfield County relies on WLR Foods, Inc. v. Cardosa, 26 Va. App. 220, 494 S.E.2d 147 (1997), to support its proposition that the commission denied it due process of law by treating Patrick's hearing testimony as an implicit request for temporary partial disability benefits. In WLR Foods, Inc., the claimant's application requested wage benefits beginning on February 1, 1996—the application was never amended to encompass any greater amount of time

and the claimant's pleadings and testimony only focused on his condition after February 1, 1996. Id. at 228, 494 S.E.2d at 151. The commission awarded the claimant wage benefits *pre-dating* February 1, 1996. Id. at 226, 494 S.E.2d at 150. The "[e]mployer had no notice of a potential award of wage benefits concerning any earlier time period until the commission rendered its decision." Id. at 228, 494 S.E.2d at 151. This Court found that the "commission's procedure 'precluded an adequate opportunity to defend [against an award for this time period] since it was litigated only as [a claim for benefits beginning February 1, 1996].'" Id. (quoting Sergio's Pizza, 1 Va. App. at 376, 339 S.E.2d at 208). "Had employer been on notice that it would be required to defend against a claim for wage benefits during this time, it could have addressed this period in detail and obtained additional information." Id. at 228-29, 494 S.E.2d at 151. Therefore this Court concluded that "[t]he commission's *sua sponte* award of unrequested benefits denied employer this opportunity and 'fails to comport with due process notions of fair play and substantial justice.'" Id. at 229, 494 S.E.2d at 151(quoting Sergio's Pizza, 1 Va. App. at 376, 339 S.E.2d at 208).

This case is easily distinguishable from WLR Foods, Inc. Chesterfield County argues that the only issue actually litigated was whether Patrick was entitled to total disability benefits; however, given the assignment of error as framed by Chesterfield County, the only question before this Court is whether Chesterfield County had "*notice* of a potential [temporary partial disability] award." Id. at 227-28, 494 S.E.2d at 151 (emphasis added). Unlike WLR Foods, Inc., where the commission awarded unrequested benefits for a period of time never contemplated by either party, Chesterfield County cannot claim it was surprised by an award of temporary partial disability benefits. As her employer, Chesterfield County knew that Patrick had returned to work part-time prior to the hearing before the deputy commissioner. Patrick did not dispute that she was able, and in fact had returned to work part-time. The nature of what Chesterfield County

- 6 -

characterizes as a "stipulation" demonstrates that if the deputy commissioner terminated her existing total disability award, Patrick was necessarily seeking a partial disability award as of the date she returned to work part-time.

Moreover, Chesterfield County was not prejudiced by the commission's decision to treat Patrick's testimony as an implicit request for on-going disability benefits. See id. at 227, 494 S.E.2d at 151 ("Where the commission modifies a claim at the hearing or review stage without advising the employer in advance, 'the dispositive issue . . . is whether the employer was prejudiced' by the lack of notice." (quoting Crystal City Oil Co. v. Dotson, 12 Va. App. 1014, 1018, 408 S.E.2d 252, 253-544 (1991))). Patrick's entire defense to Chesterfield County's application to terminate her temporary total disability benefits was that she was in fact still disabled and was only able to return to work part-time as of May 20, 2013 due to the medical treatment provided by Dr. Valente. Consequently, Chesterfield County's evidence disputing this defense, or alternatively disputing a claim for partial disability, are necessarily the same. Furthermore, at the hearing before the deputy commissioner, both Patrick and Chesterfield County's counsel extensively questioned Patrick regarding the post-January 2013 treatment she received for her injury.

In sum, Chesterfield County's mistaken assumption that the commission's decision to grant its application to terminate Patrick's temporary total disability benefits precluded an additional finding that Patrick was partially disabled as of May 20, 2013, does not amount to circumstances that offend due process notions of fair play and substantial justice. Chesterfield County was on notice of the possibility of a partial disability award and had a fair opportunity to present evidence that disputed her claim that as of May 20, 2013 she was only released to part-time duty. Chesterfield County was not denied due process by the commission's decision to

award Patrick temporary partial disability benefits, and we therefore affirm the commission's judgment.

Affirmed.