COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, Raphael and Lorish
Argued at Arlington, Virginia

**PUBLISHED**

MEDICAL MANAGEMENT INTL. AND
  TRAVELERS INDEMNITY COMPANY OF AMERICA
                                                              OPINION BY
  v.        Record No. 0363-22-4                JUDGE STUART A. RAPHAEL
                                                           NOVEMBER 1, 2022
PAMELA JEFFRY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Amy L. Epstein (Schoenberg & Associates, on brief), for appellants.

M. Thomas McWeeny (Julie H. Heiden; Koonz, McKenney,
Johnson, DePaolis, L.L.P., on brief), for appellee.


After surgery for her compensable worker's compensation injury rendered her unable to

drive, appellee Pamela Jeffry sometimes took Uber rides to her medical appointments if no

family member could take her. Jeffry's employer and the employer's insurer contend that

Jeffry's failure to give advance notice to her employer that she needed a ride bars her from

recovering her out-of-pocket Uber costs. The Workers' Compensation Commission awarded full

reimbursement of Jeffry's Uber costs, concluding that the employer and insurer suffered no

prejudice from the lack of notice. We affirm on a different ground: we find no such notice

requirement in the statute.

BACKGROUND

The facts are undisputed. Jeffry suffered a compensable work injury in November 2013.

Appellant Medical Management Intl. was Jeffry's employer at the time, and appellant Travelers

Indemnity Company of America is the employer's workers' compensation insurer. We refer to

the appellants collectively as the "employer."

The Workers' Compensation Commission entered multiple awards of medical benefits and compensation to Jeffry. After undergoing surgery in April 2019 for her compensable injury, Jeffry's physician instructed her not to drive. Jeffry's husband or another family member would usually drive Jeffry to her medical appointments. But when her husband's work schedule conflicted with those appointments and other family members were unavailable, Jeffry relied on Uber—a mobile ride-hailing service. She used Uber only as "a last resort."

Jeffry testified that she tried to keep her employer's case manager informed about her medical status. Jeffry thought that the case manager knew that Jeffry was restricted from driving after her surgery. But Jeffry did not explicitly inform the employer that she needed transportation. Nor did the employer offer transportation. Jeffry asked the Commission to award her compensation for her Uber expenses incurred for medical visits between May 2, 2019, and February 19, 2020. The Uber charges for forty-four trips totaled $881.47.

The employer did not offer any evidence that the Uber charges incurred by Jeffry were unreasonable or that the charges exceeded what it would have cost the employer to transport Jeffry to her medical appointments. The employer's claims adjuster, Leslie Jones, said that the employer had arranged private transportation for other injured workers to attend their medical appointments. Those matters were generally left to the case manager nurses. Jones said that she did not receive those transportation bills, however, and she did not know the cost of that transportation. Jones reviewed Jeffry's communications with her case manager but saw no transportation requests nor any claims that Jeffry was restricted from driving.

The deputy commissioner denied the reimbursement claim because Jeffry had not given notice to her employer that she needed transportation. The deputy commissioner ordered the employer to reimburse Jeffry using the Commission's standard rate per mile, an amount totaling $139.83.

The Commission reversed. It ruled that the lack of notice alone is not necessarily fatal to a claim for transportation costs. The Commission "divine[d] but one purpose" for a notice requirement: to "allow[] the [employer] the opportunity to save money by arranging transportation by a less costly means than that chosen by the claimant." "If the [employers] can mitigate their costs, then notice affords them the opportunity to do so. If, however, they can't secure less costly transportation, then they cannot claim that their interests were prejudiced merely because the claimant failed to notify them that she was securing transportation through Uber." In short, the Commission viewed the relevant question as one of prejudice. Because the employer showed no prejudice from the lack of notice, the claim was not barred. So the Commission awarded Jeffry the full amount of her Uber charges.

Commissioner Rapaport dissented. He interpreted Commission precedent to require claimants to provide notice of their transportation needs as a condition of recovering more than a mileage reimbursement.

ANALYSIS

An award of the Workers' Compensation Commission is "conclusive and binding as to all questions of fact." Code § 65.2-706. But we review the Commission's determinations of law de novo. Code § 2.2-4027; *Roske v. Culbertson Co.*, 62 Va. App. 512, 517 (2013). "The [C]ommission's construction of the [Workers' Compensation] Act is entitled to great weight on appeal." *Wiggins v. Fairfax Park Ltd. P'ship*, 22 Va. App. 432, 441 (1996). Yet we are "not bound by the [C]ommission's legal analysis in this or prior cases." *Peacock v. Browning Ferris, Inc.*, 38 Va. App. 241, 248 (2002) (quoting *USAir, Inc. v. Joyce*, 27 Va. App. 184, 189 n.1 (1998)).

When an employee's medical claim is compensable, the Act requires the employer to "furnish or cause to be furnished, *free of charge* to the injured employee, a physician chosen by

- 3 -

the injured employee from a panel of at least three physicians selected by the employer and such other necessary medical attention." Code § 65.2-603 (emphasis added). In order that such medical attention be free of charge to the employee, the Commission "has consistently held that the employer is responsible for the reasonable and necessary transportation in connection with [a] claimant's medical treatment." *Mabe v. Great Barrier Insulation Co.*, 70 O.I.C. 288, 288, 1991 WL 836133, at *1 (1991); *Carter v. Arlington County*, JCN VA0658327, slip op. at 4, 2016 WL 6677270, at *2 (Va. Workers Comp. Comm'n Nov. 8, 2016) ("long held").[1] Depending on the circumstances, reasonable and necessary costs may encompass various methods of transportation, ranging from "mileage reimbursement" to "the cost of taxi service, ambulance [rides] or airplane [fare]." *Elliott v. Sam Green Vault Corp.*, JCN VA00001108316, slip op. at 7 (Va. Workers Comp. Comm'n Oct. 5, 2021).

The employer argues that the Commission erred in awarding Jeffry her out-of-pocket Uber expenses and that the Commission should have limited her reimbursement to a mileage award. The employer acknowledges that the amount in controversy is relatively small—several hundred dollars. But the employer said at oral argument that it wishes to establish a black-letter-law requirement that claimants must provide notice of their need for transportation to a medical appointment as a condition of receiving reimbursement for any actual out-of-pocket costs.

We reject the employer's claim that Jeffry's failure to request transportation is "fatal to her claim for reimbursement of her Uber expenses after the fact." Assignment of Error No. 1. We find nothing in the Act to support an advance-notice or pre-authorization requirement. And to imply such a requirement would be inconsistent with the "remedial" purpose of the Act, which

---

[1] The same practice is followed in workers' compensation systems in other States. *See* 8 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 94.03[2][a] (2022) ("Transportation costs necessarily incurred in connection with medical treatment are compensable, even if the act speaks only of medical and hospital services.").

- 4 -

must be "liberally construed in favor of the injured employee." *E.I. du Pont de Nemours & Co. v. Eggleston*, 264 Va. 13, 17 (2002).

We find the omission of such a notice requirement in the text of the Act to be significant because the General Assembly knew how to create a notice requirement if it had intended one. Thus, for an occupational disease, the employee (or someone on the employee's behalf) must "give written notice thereof to the employer" within sixty days of the diagnosis. Code § 65.2-405(A). The failure to give notice defeats the employee's claim only if "such failure resulted in clear prejudice to the employer." *Id.* For a work-related injury, the employee must, "as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident." Code § 65.2-600(A). The claimant cannot recover compensation "unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby." Code § 65.2-600(D).

"[W]hen the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional." *Zinone v. Lee's Crossing Homeowners Ass'n*, 282 Va. 330, 337 (2011). In light of the express notice requirements in Code §§ 65.2-405 and -600, which have no counterpart in Code § 65.2-603, it would be strange to require employees to give notice of their intent to undertake reasonable and necessary expenses that are ancillary but essential to their compensable medical treatment. It would be even stranger to default the employee for failing to provide such notice without asking if the lack of notice prejudiced the employer's interests.

The employer does not argue that advance notice or pre-authorization is required for other ancillary but necessary medical expenses. Such ancillary expenses could include "reasonable and necessary diagnostic procedures" ordered by the doctor, *Herbert Clements & Sons, Inc. v. Harris*, 52 Va. App. 447, 457 (2008); medical equipment, *e.g.*, *Reynolds Metals Co. v. Chowning*, No. 0800-00-2, slip op. at 5-6, 2000 WL 1180151, at *2-3 (Va. Ct. App. Aug. 22, 2000);[2] or prescription medicine. The employer conceded at oral argument that pre-authorization for pharmacy expenses is not required but could not explain why transportation to a medical appointment should be treated differently. We ruled in *Chowning* that a claimant did not need her employer's pre-approval to purchase a hot tub that her doctor prescribed for pain relief. Slip op. at 5-6, 2000 WL 1180151, at *2-3. We upheld the Commission's reasoning that "[i]f the evidence showed that her purchase was not reasonable or necessary or that the cost was excessive, she acts at her peril and bears the cost herself. She is not, however, required to seek and obtain pre-authorization before purchasing the equipment." *Id.* at 5, 2000 WL 1180151, at *2. We fail to see why the same rule of reason does not apply to transportation costs.

It would also be inconsistent to require notice here when a claimant does not have to specifically request medical benefits in an application to the Commission to be entitled to all necessary medical costs. Because the employer's statutory duty to provide compensation under Code § 65.2-603(A) is "mandatory," the claimant "is automatically entitled to receive medical benefits once the fact of a compensable injury has been established." *Vital Link, Inc. v. Hope*, 69 Va. App. 43, 56 (2018) (quoting *Nelson Cnty. Schs. v. Woodson*, 45 Va. App. 674, 678 (2005)). Thus, "[a]n employer is responsible for the medically necessary treatment regardless of

---

[2] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." *Otey v. Commonwealth*, 61 Va. App. 346, 350 n.3 (2012); *see* Rule 5A:1(f).

claimant's 'failure to specifically request an award of medical benefits in [his] application to the [C]ommission.'" *Id.* at 58 (alteration in original) (quoting *Woodson*, 45 Va. App. at 678).

We are not persuaded by the employer's argument that a notice requirement springs from several of the Commission's other opinions addressing transportation costs. In *Hamil v. Lowe's*, VWC No. 208-73-39, 2003 WL 21296903 (Va. Workers Comp. Comm'n May 30, 2003), and *Souleyrette v. Clinchfield Coal Co.*, VWC No. 199-21-61 (Va. Workers Comp. Comm'n Sept. 22, 2009), the Commission concluded that when a claimant lacks transportation "*and requests* the employer/carrier provide transportation," the employer must provide transportation or reimburse the claimant for transportation costs. *Hamil*, slip op. at 5, 2003 WL 21296903, at *3 (emphasis added); *Souleyrette*, slip op. at 3 (same). The fact that the claimant in both cases requested employer-provided transportation says nothing about whether a claimant *must give* notice or obtain pre-approval of necessary transportation expenses. The employer likewise misplaces its reliance on *Green v. Greenfield Reflections of Petersburg*, JCN VA00000594550 (Va. Workers Comp. Comm'n Apr. 16, 2013). It is true that the deputy commissioner there denied an employee's claim for cab fare because her employer did not know that she needed transportation. *Green*, slip op. at 2. But the Commission decided the case on a different rationale; it denied the claim because the claimant "produced no convincing evidence substantiating [her] expenses." *Id.* at 3.

That an employee with a compensable injury is entitled to free transportation to medical appointments does not mean transportation by any method or at any cost. Transportation costs must be "reasonable and necessary." *Mabe*, 70 O.I.C. at 288, 1991 WL 836133, at *1.

Moreover, our decision here does not disturb the Commission's prior rulings that an employer "can choose the means by which" to meet its obligation to provide the claimant transportation to medical appointments. *See Davis v. Lupton Logging & Pulpwood, Inc.*, VWC

No. 168-83-90, slip op. at 3, 2006 WL 2590146, at *2 (Va. Workers Comp. Comm'n Aug. 14, 2006) (citing *Daniel v. CTR Corp.*, VWC No. 194-04-81, 2002 WL 1774411 (Va. Workers Comp. Comm'n June 18, 2002)).  For instance, an employer could contract with a third-party vendor to provide employees with necessary transportation to their medical appointments.  If an employee unreasonably rejected that option and chose a more expensive means of transportation, the Commission could well deny the employee's reimbursement request.  That scenario is not presented here, as Jeffry's employer did not specify any particular method that Jeffry should use to get to her medical appointments.  Absent such guidance—and absent any evidence that the Uber charges were excessive—it was not unreasonable for Jeffry to use a commercial ride-hailing service.

CONCLUSION

In short, the Commission correctly awarded Jeffry compensation for the Uber costs she paid to travel to her medical appointments.  We reach that conclusion not because the employer failed to show prejudice from the lack of notice that Jeffry needed such transportation (though no such prejudice was shown), but because we find no statutory basis to impose such a notice requirement in the first place.  We therefore affirm the Commission's decision as right for a different reason.  *See McClary v. Jenkins*, 299 Va. 216, 224 (2020); *Davis v. Commonwealth*, 73 Va. App. 500, 511 n.2 (2021).  Our decision on this ground moots the employer's other assignments of error.

*Affirmed.*